# Exhibit C

NEW YORK STATE DEPARTMENT
OF FINANCIAL SERVICES

---

In the Matter of

The Bank of Tokyo-Mitsubishi UFJ, Ltd. and
The Bank of Tokyo-Mitsubishi UFJ, Ltd.,
New York Branch

---

## ORDER PURSUANT TO THE NEW YORK
## BANKING LAW AND FINANCIAL SERVICES LAW

Pursuant to the statutory powers vested in the New York State Department of Financial Services (the "Department") by the People of the State of New York, the Department hereby issues the following Order with respect to The Bank of Tokyo-Mitsubishi UFJ, Ltd., and The Bank of Tokyo-Mitsubishi UFJ, Ltd., New York Branch (the "New York Branch") (together, the "Bank").

The Department is the licensing agency of the New York Branch, pursuant to Article II of the New York Banking Law and is responsible for its supervision and regulation.

On June 19, 2013, the Department and the Bank stipulated and agreed in a consent order to resolve and remediate the Department's findings of certain deficiencies and apparent violations of laws and regulation, including BTMU's clearing of approximately $100 billion involving Iran, Sudan and Burma, and certain entities on the Specially Designated Nationals list issued by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") (the "2013 Consent Order").

Pursuant to the 2013 Consent Order, the Bank agreed to engage an on-site independent consultant (the "BTMU Consultant") to evaluate and identify necessary corrective measures related to compliance with Bank Secrecy Act and Anti-Money Laundering ("BSA/AML")

operations, including the New York Branch's compliance with OFAC regulations, and to address identified flaws, weaknesses and other deficiencies at the New York Branch, and oversee implementation of such remediation.

Thereafter, the Department and the Bank stipulated and agreed that the Bank misled the Department concerning the nature and extent of BTMU's U.S. dollar clearing services on behalf of sanctioned Iranian, Sudanese and Myanmar parties, the transactions of which formed the basis for the 2013 Consent Order. Accordingly, to resolve the additional misconduct, and remediate continuing deficiencies, the Department and the Bank agreed to a second Consent Order, dated November 18, 2014 (the "2014 Consent Order").

Under the 2014 Consent Order, the Bank agreed to undertake certain additional remedial measures, including (but not limited to): (1) relocating its United States BSA/AML and OFAC sanctions compliance programs to the New York Branch, and agreeing that those programs would have U.S. compliance oversight over all transactions affecting the New York Branch, including those transactions performed outside the U.S. that affect the New York Branch; and (2) extending the period of its engagement of the BTMU Consultant for a period of eighteen (18) additional months to permit the BTMU Consultant to oversee, evaluate, and test the proposed remediation, including the BSA/AML and OFAC sanctions compliance programs outside the U.S. related to transactions affecting the New York Branch.

The Department has been notified by the Bank that it has applied to the Office of the Comptroller of the Currency ("OCC") for an OCC license to operate the Bank as a Federal bank branch that would be supervised by the OCC.

According to the Bank's application to the OCC, the purpose of the conversion is for business reasons, in that the Bank is consolidating its multiple operations in the United States. According to the Bank's OCC application, the Bank's operations are currently conducted in five

state-licensed branches, two state-licensed agencies, and a large national bank. These entities are located in California, Illinois, New York and Texas.

The Department hereby issues the following Order, **effective immediately**:

1. All supervision activity of the Department shall continue uninterrupted and unimpeded, including, but not limited to, the ongoing examination of the New York Branch currently being conducted by the Department, unless and until any such conversion to an OCC license becomes legally effective (should that event occur).
2. The Bank and the New York Branch shall comply with all New York laws, regulations, orders and agreements, including, but not limited to, all reporting and record keeping requirements.
3. The Bank and the New York Branch remain subject to all supervisory and enforcement activities, including the investigation and prosecution of any violations of the Banking Law or the Financial Services Law, for any conduct occurring during the time period of its license from the Department.
4. The Bank and the New York Branch shall preserve all documents and information in their possession, custody or control that pertain, directly or indirectly, to:
   (a) the affairs, operations or business of the New York Branch;
   (b) compliance, or lack of compliance, with New York laws or regulations including, but not limited to, compliance (or lack of compliance) with laws and regulations pertaining to BSA/AML and OFAC matters;
   (c) all documents relating to matters raised or discussed in any report (written or oral) prepared by the BTMU Consultant;
   (d) information collected by or provided to the BTMU Consultant, including but not limited to, any information or documents relating to (ii) additional

3

concerns or issues identified by the BTMU Consultant that relate to the Bank's BSA/AML and OFAC sanctions compliance programs and (ii) compliance with the 2013 and 2014 Consent Orders;

(e) information self-reported by the Bank and the New York Branch to the BTMU Consultant or the Department about compliance with applicable laws and regulations, including the Bank's BSA/AML and OFAC sanctions compliance programs; and

(f) all communications with the Department relating to the 2013 Consent Order and the 2014 Consent Order.

5. Unless and until any conversion of the license issued by the Department to the Bank to a Federal branch shall become legally effective, and only in the event that such conversion becomes legally effective, the Bank and the New York Branch shall then carry out such conversion in a manner that is in full compliance with the Banking Law, including, but not limited to, Section 605 of the Banking Law, and all other applicable laws of the State of New York.

By Order, this 8th day of November, 2017.

New York, New York

*[signature]*

**SHIRIN EMAMI**
**Executive Deputy Superintendent -- Banking**

4