Office of the Comptroller of the Currency

Washington, DC 20219

March 26, 2018

**VIA ECF**

The Honorable Sidney H. Stein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Subject**: Motion for leave to file amicus curiae brief in *The Bank of Tokyo-Mitsubishi UFJ, Ltd. v. Vullo*, No. 1:17-cv-08691

Dear Judge Stein:

Pursuant to Local Civil Rules 5.2(b) and 7.1(d), the Office of the Comptroller of the Currency ("OCC") respectfully moves for leave to file the attached proposed amicus curiae brief in the above-captioned matter. The OCC also requests permission, in accordance with Local Civil Rule 6.1(c) and Rule 2(f) of Your Honor's Individual Practices in Civil Matters, to participate in any oral argument relating to the Bank of Tokyo Mitsubishi UFJ, Ltd.'s ("BTMU" or "the Bank") Motion to Dismiss. *See* Motion to Dismiss, ECF No. 31 (filed Mar. 19, 2018).

Plaintiff/Counter-Defendant BTMU has consented to both the OCC's proposed filing of a brief as amicus curiae and the OCC's request to participate in oral argument. Defendant/Counter-Plaintiff Vullo has advised the OCC that she takes no position regarding the OCC's motion.

## I. Interests of the OCC

The OCC is an independent bureau of the U.S. Department of the Treasury charged with ensuring that national banks, and other entities subject to its jurisdiction, operate in a safe and sound manner and in compliance with laws and regulations; treat customers fairly; and provide fair access to financial services. 12 U.S.C. § 1(a). Among its other responsibilities, the OCC is authorized to receive and, if appropriate, to grant, applications from foreign banks to convert their state-licensed branches to federally licensed branches. *Id.* § 3102(f). The OCC has primary supervisory responsibility over these branches upon issuance of a federal license. *See id.* § 3102(b).

The position taken in this case by Ms. Vullo and the Department of Financial Services (collectively, "DFS") incorrectly suggests that the OCC's approval of BTMU's license conversion applications was ineffective or contrary to law. DFS's filings also wrongly assume that it can continue to exert its visitorial authority over BTMU's New York branches despite the OCC's approval of these applications. Accordingly, the proposed amicus curiae brief discusses important factual and legal issues that will help the Court resolve these issues.

## II. Argument

A district court has broad discretion to decide whether to accept an amicus curiae brief. *See, e.g.*, *City of New York v. United* States, 971 F. Supp. 789, 799 n.3 (S.D.N.Y. 1997); *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). For example, the Court has granted leave to file an amicus brief where the amicus "has unique information or perspective that can help the court" and its proposed brief would "help ensure that there has been a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *C&A Carbone, Inc. v. Cty. Of Rockland*, No. 08-cv-6459-ER, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014).

The OCC's proposed brief will assist the Court in analyzing the complex subject matter at issue in this case. First, the OCC, as the federal agency with primary supervisory responsibility over federally licensed branches of foreign banks, can provide the Court with authoritative information concerning the OCC's license conversion application review process. *See Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) ("An amicus brief should normally be allowed . . . when an amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide.").

Second, and similarly, the OCC's proposed brief discusses the OCC's review of BTMU's conversion applications. This discussion directly relates to BTMU's claims and DFS's defenses, but has not been included in either party's submissions to the Court thus far. *See United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015) (stating that an amicus curiae brief should help courts "resolv[e] issues of law by explaining or amplifying the issues the parties raised" (quoting *United States v. Mullet*, 868 F. Supp. 2d 618, 624 (N.D. Ohio 2012)).

Finally, DFS's continuing assertion of visitorial authority over BTMU—even after BTMU converted its state-licensed branches and agencies to their federal equivalents—raises important questions about provisions of the International Banking Act and the National Bank Act. The resolution of BTMU's motion regarding DFS's counterclaims could affect the regulatory landscape surrounding a broad range of federally licensed banking institutions. Consequently, the OCC, as the primary regulator and exclusive prudential supervisor of these institutions, requests that this Court accept this brief to aid the Court in interpreting these provisions. *See Weininger v. Castro*, 418 F. Supp. 2d 553, 555 (S.D.N.Y. 2006) (granting motion for leave to file an amicus curiae brief where the issues were "likely to engender reasonable expressions of public interest from a universe much larger than the adversaries in the instant action").

## III. Conclusion

For the forgoing reasons, the OCC respectfully requests leave to file a brief as amicus curiae in the above-captioned case. In the interests of efficiency, and in the event the Court deems it appropriate to accept the motion or the proposed amicus curiae brief without further delay, enclosed with this letter under Exhibit A are copies of the proposed amicus curiae brief and, under Exhibit B, a proposed order granting the OCC's motion for leave to file the amicus curiae brief.

Sincerely,

*/s/ Gabriel A. Hindin*

Gabriel A. Hindin
Counsel, Litigation Division
Office of the Comptroller of the Currency
400 7th Street SW, Suite 3E-218
Washington, DC 20219
Tel: (202) 649-6300
Fax: (202) 649-5709
Email: gabriel.hindin@occ.treas.gov
*Counsel for Office of the Comptroller of Currency*

CC: All counsel of record via ECF