# Exhibit A



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN                                                                                  ATTORNEY GENERAL

February 14, 2017

The Honorable Andrew M. Cuomo  
Governor of the State of New York  
NYS Capitol Building  
Albany, NY 12224

The Honorable John J. Flanagan  
NYS Senate Temporary President & Maj. Leader  
NYS Capitol Building, Room 330  
Albany, NY 12224

The Honorable Carl E. Heastie  
Speaker of the NYS Assembly  
Legislative Office Building 932  
Albany, NY 12248

The Honorable Andrea Stewart-Cousins  
NYS Senate Democratic Conference Leader  
Legislative Office Building 907  
Albany, NY 12247

The Honorable Brian M. Kolb  
Minority Leader of the NYS Assembly  
Legislative Office Building 933  
Albany, NY 12248

The Honorable Jeffrey D. Klein  
NYS Senate Coalition Leader & IDC Leader  
Legislative Office Building 913  
Albany, NY 12247

Re:     Executive Budget Proposal Parts Y, BB, and Z

Dear Governor Cuomo and Legislative Leaders:

      I write to raise my strong objection to Parts Y, BB, and Z of the Executive's Transportation, Economic Development and Environmental Conservation Article VII proposal (the "proposals"), which would, among other things, grant civil law enforcement authority to the Department of Financial Services ("DFS"). These provisions are a wholly unnecessary overreach by the Executive and should be rejected by the Legislature. The proposals, which were drafted without any consultation with my office, would alter the enforcement arrangement the Legislature established when creating DFS, resulting in unnecessary and harmful overlapping state enforcement authority, which could jeopardize ongoing and future investigations. They would also require additional, duplicative funding for DFS. For these reasons, the proposals should not become law.

DFS was established in 2011 as a regulatory and administrative agency, assuming the oversight over the insurance and banking industries previously exercised by the New York State Insurance and Banking Departments. The budget legislation that created DFS in 2011 acknowledged the importance of avoiding overlapping authority and directs the DFS superintendent to "cooperat[e] with, assist[] and, when appropriate, refer[] matters to the attorney general in the carrying out of the attorney general's legal enforcement responsibilities." *N.Y. Fin. Serv. §301(c)(4)*.  When the Governor initially proposed creating DFS, he also proposed giving law enforcement litigating authority to DFS.  After vocal objections by many in the Legislature and the business community, the proposal was withdrawn.  Instead, the law now requires DFS to report violations of civil penalties imposed under the financial services law or "fraud or other criminal activity under the insurance law or banking law" to the Office of the Attorney General ("OAG"), an appropriate agency, or relevant district attorney.  *N.Y. Fin. Serv. §409*.  The decision to reject the overlapping and wasteful state enforcement authority was the correct one in 2011, and it remains so today.

The current Part Y proposal would give DFS authority that the Attorney General already has – authority to bring civil actions in court to enforce orders and recover penalties.  Much of the conduct that violates such orders would also violate state consumer protection and business fraud laws that are enforced by the Attorney General.  The Part BB proposal would similarly give DFS authority duplicative of that granted to OAG, namely authority to ban so-called "bad actors" from participating in the banking and insurance industries in New York.  Similarly, while Part Z would give DFS an important supervisory role over student loan servicers, it provides for the Superintendent to bring civil enforcement actions that are currently within the power and expertise of the OAG.  This proposed overlapping enforcement authority would require regulated entities to be concerned with the possibility of judicial enforcement actions by two different state agencies.  DFS and OAG could, inadvertently or otherwise, commence duplicative enforcement actions of the same matter, generating additional burdens not only for the targets of the investigations, but also for the victims and the witnesses involved.  At best, this would result in a waste of taxpayer dollars.

In our country's federalist system, federal and state agencies often have overlapping enforcement jurisdictions, as they enforce separate bodies of law.  But it is extremely rare for two agencies at the same level of government to have such overlap, and there is no demonstrated need to do so here.  OAG has a longstanding and productive relationship representing New York State regulatory agencies in general, and DFS in particular.  Consistent with OAG's longstanding civil recovery efforts on behalf of the former Banking and Insurance Departments, OAG has continued to successfully represent DFS in numerous civil enforcement and recovery actions since DFS was formed in 2011, just as the legislation that created DFS contemplated.  For example, OAG successfully represented DFS when it sued two pension advance firms that deceived consumers about the cost of loans and is currently representing DFS to recover a $2.1 million penalty from a payday lender.  OAG's effective representation of DFS, as well as OAG's broader experience and expertise derived from representing dozens of state agencies, demonstrates that there is simply no need to provide DFS with its own law enforcement powers.

Moreover, conferring law enforcement litigation authority on DFS would require the creation and funding of a staff of prosecutors and associated support personnel.  By contrast, the

OAG already has a staff of seasoned law enforcement litigators. If additional enforcement is desired, it would be more efficient to increase the number of investigators and prosecutors at OAG.

    The Legislature should reject the proposals and thereby decline to create a new and duplicative law enforcement litigation agency, generating avoidable burdens and conflicts, when a well-functioning enforcement framework is already in place.

    Respectfully,

    Eric. T. Schneiderman
    Attorney General of the State of New York

CC:    Maria T. Vullo, Superintendent, Department of Financial Services